O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| CHARLES ALEXANDER BOYD, | ) Case No. ~~EDCV 11-1998-JVS MLG~~ |
| | ) EDCV 11-02071-JVS (MLG) |
| Petitioner, | ) |
| | ) ==AMENDED== ORDER STAYING |
| v. | ) PROCEEDINGS PENDING REPORT BY |
| | ) FEDERAL PUBLIC DEFENDER ON |
| CITY OF RIVERSIDE, et al., | ) PLAINTIFF'S MENTAL STATUS |
| | ) |
| Respondent. | ) ==*Amended Only to correct case* |
| | ) *number*== |

Charles Alexander Boyd is a state pretrial detainee, currently incarcerated in the Riverside County Jail. He filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, on January 10, 2012. The complaint names as defendants: the City of Riverside, the Riverside County Sheriff's Department, the Riverside County Superior Court, the Riverside County Public Defender, the Riverside County District Attorney's Office, and the Robert Presley Detention Center. Plaintiff alleges that the Defendants have violated 23 various federal and state criminal statutes. He also makes a variety of state law tort claims, and claims of error relating to criminal proceedings currently pending in the Riverside County Superior Court.

//

As best that the Court can determine from the pleadings, as well as from the pro se petition for writ of habeas corpus filed in *Boyd v. Riverside County Superior Court*, Case No. EDCV 11-1998-JVS (MLG),[1] Petitioner is awaiting trial on state criminal charges. At some point during pretrial proceedings, the trial court revoked Petitioner's bond. Later, the trial court instituted competency proceedings under Cal. Penal Code § 1368. According to Petitioner, he was found incompetent to stand trial and was ordered to be hospitalized at Patton State Hospital. In the current action, Petitioner claims, in part, that his Constitutional rights were violated by police, prosecutors, judges, and defense attorneys in the pending state court criminal proceeding and in the course of the competency determination. Many of his complaints relate to the delay in proceeding to trial and in the conflicts he has allegedly had with appointed defense counsel.

It also appears that in early November 2011, while incarcerated, Petitioner was diagnosed with cancer of the liver. It may be that Petitioner is claiming a denial of adequate medical treatment for his cancer, but the truth of that allegation is not clear from the pleadings nor apparent from the partial medical record which is attached to the petition in Case No. EDCV 11-1998-JVS (MLG), which shows that Petitioner was

---

[1] This case is a habeas corpus petition in which Petitioner makes allegations similar to those presented here. Because it may be that Boyd has been found incompetent to stand trial by the Riverside Superior Court, the Federal Public Defender was appointed in that case to assist Boyd.

1  offered surgery to remove the malignancy, but that he refused

2  without first obtaining a second opinion.

3     The record also shows that on December 7, 2011, Petitioner

4  filed a petition for writ of habeas corpus in the Riverside

5  County Superior Court challenging the competency determination,

6  the revocation of bond, and the denial of medical care. He also

7  asserts a denial of his right to a speedy trial based on the

8  incompetency finding, and his imminent placement in the state

9  hospital. The record in Case No. EDCV 11-1998-JVS (MLG) shows

10 that a hearing is set for January 23, 2012, on the state court

11 habeas corpus petition.

12    The current complaint is defective for numerous reasons.

13 For example, the superior court is an arm of the state and

14 immune from suit under the 11th Amendment. *See Will v. Mich.*

15 *Dep't of State Police*, 491 U.S. 58, 70 (1989); *Greater L.A.*

16 *Council on Deafness, Inc. v. Zolin*, 812 F. 2d 1103 (9th Cir.

17 1987). The district attorney's office is entitled to absolute

18 prosecutorial immunity for the conduct which relates to the

19 prosecution and presentation of evidence in the criminal case.

20 *Forrester v. White*, 484 U.S. 219, 229 (1988); *Imbler v.*

21 *Pachtman*, 424 U.S. 409, 430-31 (1976); *Broam v. Bogan*, 320 F.3d

22 1023, 1029 (9th Cir. 2003). And, an appointed or retained

23 attorney in state criminal proceedings does not act under color

24 of state law for purposes of section 1983. *Polk County v.*

25 *Dodson*, 454 U.S. 312, 317 (1981); *Szijarto v. Legeman*, 466 F.2d

26 864, 864  (9th Cir. 1972)(an attorney, whether retained or

27 appointed, does not act under color of state law).

28    It also cannot be said that the complaint states a cause of

3

action against the City of Riverside or the Sheriff's Department. A governmental entity cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978). To establish municipal liability under section 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Id.* Only when the execution of the government's policy or custom inflicts the constitutional injury may a governmental entity be held liable under section 1983. *Id.* at 694.

However, to the extent that Plaintiff is challenging the adequacy of his medical care, such a claim may be viable. The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). If Plaintiff can show that state medical officials have been deliberately indifferent to his need for cancer treatment, Plaintiff can state a cause of action under section 1983.

In Case No. EDCV 11-1998-JVS (MLG), the Federal Public Defender was appointed to represent Boyd. As stated in that order: "Where it appears that a pro se litigant in a civil lawsuit might be incompetent, it is improper for a district court to dismiss an action without providing for the protection of the incompetent person. Fed.R.Civ.P. 17(c); *Allen v.*

4

*Calderon*, 408 F.3d. 1150, 1153 (9th Cir. 2005)." It was further noted that "[i]f Petitioner is in fact incompetent, it may be appropriate to appoint a guardian ad litem to represent Petitioner's interests. If a guardian ad litem has been appointed by the state courts, that person will be considered to act in the same capacity in this Court". Finally, the Court stated: "Counsel shall also advise the Court at that time as to whether Petitioner requires additional counsel to prosecute a separate action under 42 U.S.C. § 1983."

The Federal Public Defender was given until February 10, 2012, to file an amended habeas corpus petition with the Court in Case No. EDCV 11-1998-JVS (MLG) and to advise the Court as to Plaintiff's mental status and need for counsel. Rather than appoint separate counsel to duplicate this effort, the Court will stay proceedings in this action pending a determination as to whether a guardian ad litem and/or separate counsel should be appointed to represent Plaintiff in this case.

Courtesy copies of the complaint and this order shall be served on the Federal Public Defender, the Riverside County Sheriff's Department, and the Riverside County Public Defender's Office*. No formal action need be taken by the state entities

///
///
///
///
///
///
///

with respect to the complaint. All parties are encouraged to cooperate in order to provide the Court with the information necessary to determine the necessity for appointment of counsel or a guardian ad litem in this matter.

Dated: January 24, 2012

_____
Marc L. Goldman
United States Magistrate Judge


*Copies mailed to the named agencies by CRD on 1/24/12*