I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-07-12

DEPUTY CLERK



**FILED**

MAR - 7 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| CHARLES ALEXANDER BOYD, | Case No. EDCV 11-2071-JVS MLG) |
| Petitioner, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. |  |
| CITY OF RIVERSIDE, et al., |  |
| Respondent. |  |

## I. **Facts**

Charles Alexander Boyd is a state pretrial detainee, currently incarcerated in the Riverside County Jail. He filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, on January 10, 2012. The complaint names as defendants: the City of Riverside, the Riverside County Sheriff's Department, the Riverside County Superior Court, the Riverside County Public Defender, the Riverside County District Attorney's Office, and the Robert Presley Detention Center. Plaintiff alleges that the Defendants have violated 23 various federal and state criminal statutes. He also makes a variety of state law tort claims, and claims of error relating to criminal proceedings

1  currently pending in the Riverside County Superior Court.[1]

2       As best that the Court can determine from the pleadings, as well

3  as from the pro se petition for writ of habeas corpus filed in *Boyd*

4  *v. Riverside County Superior Court*, Case No. EDCV 11-1998-JVS (MLG),

5  Petitioner is awaiting trial on state criminal charges. It appears

6  that in early November 2011, while incarcerated, Petitioner was

7  diagnosed with cancer of the liver. It appears from the complaint

8  that Petitioner is claiming a denial of adequate medical treatment

9  for his cancer, but the accuracy of that allegation is not clear from

10  the pleadings nor apparent from the partial medical record which is

11  attached to the petition in Case No. EDCV 11-1998-JVS (MLG), which

12  shows that Petitioner was offered surgery to remove the malignancy,

13  but that he refused without first obtaining a second opinion.

14

15  **II.   Discussion and Analysis**

16       **A.   Duty to Screen**

17       The Court has screened the complaint prior to ordering service

18  in order to determine whether the action is frivolous or malicious,

19  fails to state a claim upon which relief could be granted, or seeks

20  monetary relief against a defendant who is immune from such relief.

21  28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under

22  the foregoing statute is governed by the following standards. A

23  complaint may be dismissed as a matter of law for failure to state

24  a claim for two reasons: (1) lack of a cognizable legal theory; or

25  (2) insufficient facts under a cognizable legal theory. *Balistreri*

---

27       [1] The allegations relating to the pending criminal proceedings were
28  addressed in *Boyd v. Riverside County Superior Court*, Case No. EDCV 11-1998-JVS (MLG).

2

1  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since
2  Plaintiff is appearing pro se, the Court must construe the
3  allegations of the Complaint liberally and must afford Plaintiff the
4  benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*,
5  839 F.2d 621, 623 (9th Cir. 1988).

6      Moreover, in determining whether a complaint states a claim on
7  which relief may be granted, allegations of material fact are taken
8  as true and construed in the light most favorable to the Plaintiff.
9  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However,
10  "[t]hreadbare recitals of the elements of a cause of action,
11  supported by mere conclusory statements, do not suffice." *Ashcroft
12  v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)
13  citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
14  Plaintiff is required to present factual allegations sufficient to
15  state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

16      As will be discussed below, the complaint is deficient in that
17  it fails to state a claim any of the named defendants. However, as
18  required by circuit precedent, the complaint will be dismissed with
19  leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro
20  se* litigant should be given an opportunity to amend deficient
21  pleadings unless it is clear that these deficiencies cannot be
22  overcome).

23  **B. The Complaint Shall Be Dismissed With Leave to Amend**

24      The current complaint is defective for numerous reasons. For
25  example, the superior court is an arm of the state and immune from
26  suit under the 11th Amendment. *See Will v. Mich. Dep't of State
27  Police*, 491 U.S. 58, 70 (1989); *Greater L.A. Council on Deafness,
28  Inc. v. Zolin*, 812 F. 2d 1103 (9th Cir. 1987). The district

attorney's office is entitled to absolute prosecutorial immunity for the conduct which relates to the prosecution and presentation of evidence in the criminal case. *Forrester v. White*, 484 U.S. 219, 229 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). And, an appointed or retained attorney in state criminal proceedings does not act under color of state law for purposes of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972)(an attorney, whether retained or appointed, does not act under color of state law).

It also cannot be said that the complaint states a cause of action against the City of Riverside or the Sheriff's Department. A governmental entity cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978). To establish municipal liability under section 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Id.* Only when the execution of the government's policy or custom inflicts the constitutional injury may a governmental entity be held liable under section 1983. *Id.* at 694.

However, to the extent that Plaintiff is challenging the adequacy of his medical care, such a claim may be viable. The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010); *Lolli v. County of Orange*,

4

351 F.3d 410, 418-19 (9th Cir. 2003). If Plaintiff can show that jail medical officials have been deliberately indifferent to his need for cancer treatment, Plaintiff can state a cause of action under section 1983. However, in order to do so, Plaintiff must identify the specific individual who he claims has been indifferent to his needs and describe the facts underlying his claim.

    **C. IT IS THEREFORE ORDERED as follows:**

    1.   The complaint is dismissed without prejudice for the reasons stated above against all defendants.

    2.   Plaintiff has until **April 2, 2012**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[2] Any amended complaint must bear the docket number assigned in this case and must be labeled "first amended complaint." Plaintiff is advised that an amended complaint is a document stating one or more causes of action against one or more defendants. Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the facts apply; and the nature of the relief he seeks.

    3.   If Plaintiff fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against any other defendant, the complaint will dismissed for failure to prosecute.

    4.   The Court's deputy clerk shall serve on Plaintiff a copy

---

[2]"Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint."   If Plaintiff chooses to continue prosecuting this action, he must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.   He may, however, attach a single additional page to detail his allegations, if necessary.

Dated: March 6, 2012

Marc L. Goldman
United States Magistrate Judge

6