I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petr
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 4-05-12
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CHARLES ALEXANDER BOYD, | Case No. EDCV 11-2071-JVS(MLG) |
| Petitioner, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CITY OF RIVERSIDE, et al., | |
| Respondent. | |

## I. Facts

Charles Alexander Boyd initially filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, on January 10, 2012. At the time, he was a pretrial detainee at the Riverside County Jail. The original complaint named as defendants: the City of Riverside, the Riverside County Sheriff's Department, the Riverside County Superior Court, the Riverside County Public Defender, the Riverside County District Attorney's Office, and the Robert Presley Detention Center. Plaintiff alleged that the Defendants had violated 23 various federal and state criminal statutes. He also makes a variety of state law tort claims, and claims of error relating to criminal proceedings then pending in

then pending in the Riverside County Superior Court.[1]

In early November 2011, while he was incarcerated, Petitioner was diagnosed with cancer of the liver. The original complaint seemed to claim that Petitioner was denied adequate medical treatment for his cancer, but the accuracy of that allegation was not clear from the pleadings nor apparent from the partial medical record which was attached to the habeas corpus petition filed in Case No. EDCV 11-1998-JVS (MLG), which showed that Petitioner was offered surgery to remove the malignancy, but that he refused without first obtaining a second opinion.

On March 7, 2012, the complaint was dismissed with leave to amend, because the superior court was entitled to 11th amendment immunity; the district attorney was entitled to absolute immunity; and the City of Riverside and the Sheriff's Department could not be held liable under a theory of respondeat superior.

On April 2, 2012, Plaintiff filed a first amended complaint, naming nine individual defendants and alleging an agglomeration of causes of action.[2] The Defendants and causes of action are summarized as follows:

1. Deputy Kenneth Guilford arrested him with out probable cause on a domestic assault violation, the charge for which trial was pending.

2. Judge Rafael A. Arreola bound Plaintiff over for trial

---

[1] The allegations relating to the pending criminal proceedings were addressed in *Boyd v. Riverside County Superior Court*, Case No. EDCV 11-1998-JVS (MLG), a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.

[2] It appears that Plaintiff has been released from custody. Whether he was released on bail or the pending charges were dropped is not explained.

without sufficient evidence.

   3. District Attorney Kristen Buie's prosecution of Plaintiff for domestic violence was an abuse of process.

   4. City Attorney Gregory Priamos engaged in a conspiracy to prosecute Plaintiff by not responding to letters and failing to intervene in the pending criminal case.

   5. Riverside County Sheriff Lt. Valterria violated Plaintiff's rights by failing to provide him with adequate medical care and failing to protect him from assaults by other prisoners.

   6. Defendants Octavio Carlos Luna and George Christison (?) denied Plaintiff adequate medical care for his kidney, failed to protect him from assaults, and forcibly medicated him while incarcerated.

   7. Riverside County Public Defenders Alexa Triechel and Paulette Norman inadequately represented him in the criminal case.

## II. Discussion and Analysis

### A. Duty to Screen

The Court has screened the first amended complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

The Court in *Twombly* explained that a complaint is read in conjunction with Federal Rule of Civil Procedure 8(a)(2) which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 556 n.3. While Rule 8 does not require "detailed factual allegations," it nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true

4

must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

As will be discussed below, the complaint is deficient in that it fails to state a claim any of the named defendants. However, as required by circuit precedent, the complaint will be dismissed with leave to amend as to certain of the Defendants. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome). Leave to amend shall not be granted where a named defendant is clearly immune from suit or where the deficiencies in the pleading cannot be overcome.

**B. The Complaint Shall Be Dismissed Without Leave to Amend as to Defendants Arreola, Buie, Priamos, Treichel, and Norman**

The current complaint is defective as to the above named defendants for numerous reasons. Judge Arreola is absolutely immune from suit for money damages for acts performed in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (*per curiam*); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922-23 (9th Cir. 2004); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997). Because Plaintiff states only that Judge Arreola improperly bound him over for trial, he is entitled to absolute immunity.

Deputy District Attorney Kristen Buie is also entitled to absolute immunity. A district attorney is entitled to absolute prosecutorial immunity for the conduct which relates to the prosecution and presentation of evidence in the criminal case.

5

*Forrester v. White*, 484 U.S. 219, 229 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). Plaintiff is clearly seeking money damages for Ms. Buie's conduct in the prosecution of the criminal charges against him. Dismissal is required.

Plaintiff has also failed to state a cause of action under section 1983 against Public Defenders Alexa Treichel and Paulette Norman. An appointed or retained attorney in state criminal proceedings does not act under color of state law for purposes of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972)(an attorney, whether retained or appointed, does not act under color of state law). Accordingly, there is no viable federal cause of action alleged against those individuals.

Finally, City Attorney Gregory Priamos cannot be held liable for the failure to respond to a letter complaining about an unlawful prosecution, over which he had no involvement or control. Plaintiff has not made a facially plausible claim that Priamos engaged in any activity which would have resulted in a violation of Plaintiff's constitutional rights.

However, to the extent that Plaintiff is alleging an arrest without probable cause by Deputy Guilford, such a claim may be actionable, depending on the facts and the state court's adjudication, if any, on the illegal arrest issue. However, Plaintiff has not informed the Court of the facts underlying the arrest or the status of the criminal proceedings arising from that arrest. Those facts must be plead in order to state a facially plausible claim against Guilford.

In addition, a challenge to the adequacy of the medical care provided while incarcerated or the failure to insure a prisoner's safety while incarcerated may be viable under Fourteenth Amendment. As noted in the first order dismissing with leave to amend, the Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003).

If Plaintiff alleges facts showing that jail officials were deliberately indifferent to his need for cancer treatment or his safety, Plaintiff can state a cause of action under section 1983. However, in order to do so, Plaintiff must identify the specific facts underlying his claims with respect to each cause of action and each of the Defendants. Plaintiff must also identify the dates and times when the alleged misconduct occurred. Only then can Plaintiff satisfy the requirements of Rule 8 and *Twombley*.

**C. IT IS THEREFORE ORDERED as follows:**

1. The complaint is dismissed without prejudice and without leave to amend as to Defendants Buie, Arreola, Priamos, Triechel and Norman. Plaintiff cannot overcome the deficiencies in the complaint as to these defendants.

2. The complaint is dismissed without prejudice and with leave to amend as to the remaining four defendants. Plaintiff has until **May 3, 2012**, to file a second amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule

15-2.³  Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the facts apply, and the nature of the relief he seeks.

    3.   If Plaintiff fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against any other defendant, the complaint will dismissed for failure to prosecute.

    4.   The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Second Amended Complaint."  If Plaintiff chooses to continue prosecuting this action, he must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.

Dated: April 5, 2012

_____
Marc L. Goldman
United States Magistrate Judge

---

³ "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseded pleading."  Local Rule 15-2.