O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

CHARLES ALEXANDER BOYD,

       Plaintiff,

       v.

CITY OF RIVERSIDE, et al.,

       Defendants.

Case No. EDCV 11-2071-JVS (MLG)

ORDER DIRECTING SERVICE OF THIRD AMENDED COMPLAINT AS TO CERTAIN DEFENDANTS AND ORDER DISMISSING DEFENDANTS

## I. Facts

Charles Alexander Boyd initially filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, on January 10, 2012. At the time, he was a pretrial detainee at the Riverside County Jail. He has since been released from custody. The original complaint and two amended complaints were dismissed with leave to amend. On June 15, 2012, Plaintiff filed his third amended complaint.

The underlying facts show that in June 2010, Plaintiff was arrested and/or cited by Kenneth Guilford with assault.[1] As of early November 2011, Plaintiff was incarcerated in the Riverside County

_____

[1] The Court assumes that Guilford is a law enforcement officer, but that is not stated anywhere in the pleadings.

Jail, presumably on the underlying assault charge.[2] While incarcerated, Plaintiff was diagnosed with cancer of the liver.

In the third amended complaint, Plaintiff claims that Guilford had him arrested without probable cause and that Defendants Lt. Valteria, Captain Knudson, Sgt. Hardin, Sgt. Madearos, Sgt. Larson and Deputy Dallas, denied him adequate medical treatment for his cancer.[3] Plaintiff also claims that on December 22, 2011, he was assaulted by inmates Gomas and Grey, while Deputies Larson and Dallas observed and failed to intervene.

While in custody in late 2011 or early 2012, Plaintiff was found incompetent to stand trial by the Riverside County Superior Court. He was transferred to the Patton State Hospital ("PSH") for treatment. Plaintiff claims that while at the state hospital, Octavio Carlos Luna and George Christison, the Executive Director and Medical Director of the hospital respectively, failed to protect Plaintiff from being forcibly medicated and assaulted. In February 2012, Plaintiff was found competent to stand trial and apparently soon thereafter released from custody.[4]

The Defendants and causes of action in the third amended complaint are summarized as follows:

//

_____

[2] It may be that Plaintiff was on bond for a period of time but that bond was revoked.

[3] The accuracy of that allegation was not clear from the pleadings nor apparent from the partial medical record which was attached to the habeas corpus petition filed in Case No. EDCV 11-1998-JVS (MLG), which showed that Plaintiff was offered surgery to remove the malignancy, but that he refused without first obtaining a second opinion.

[4] Whether he was released on bail or the pending charge was dropped is not explained.

2

1. Deputy Kenneth Guilford arrested him with out probable cause on the assault charge.

2. Defendants Lt. Valteria, Captain Knudson, Sgt. Hardin, Sgt. Madearos, Sgt. Larson and Deputy Dallas, denied him adequate medical treatment for his cancer while incarcerated at the Riverside County Jail.

3. Defendants Larson and Dallas failed to protect Plaintiff from an assault by other inmates.

4. Defendants Octavio Carlos Luna and George Christison allowed Plaintiff to be forcibly medicated while hospitalized at Patton State Hospital.

5. Riverside County and the Patton State Hospital are liable because they employed the individual defendants.

Plaintiff has stated a viable cause of action against defendants Guilford, Lt. Valteria, Captain Knudson, Sgt. Hardin, Sgt. Madearos, Sgt. Larson and Deputy Dallas in their individual capacities, but not in their official capacities. He has failed to state a claim upon which relief may be granted as to Riverside County, Patton State Hospital, Octavio Carlos Luna and George Christison. Accordingly, the latter four defendants will be dismissed without leave to amend and service will be ordered with respect to the remaining defendants in their individual capacities only.

II. **Discussion and Analysis**

A. **Duty to Screen**

The Court has screened the third amended complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief

1    could be granted, or seeks monetary relief against a defendant who

2    is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's

3    screening of the complaint under the foregoing statute is governed

4    by the following standards. A complaint may be dismissed as a matter

5    of law for failure to state a claim for two reasons: (1) lack of a

6    cognizable legal theory; or (2) insufficient facts under a cognizable

7    legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

8    (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must

9    construe the allegations of the Complaint liberally and must afford

10   Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles*

11   *Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

12          Moreover, in determining whether a complaint states a claim on

13   which relief may be granted, allegations of material fact are taken

14   as true and construed in the light most favorable to the Plaintiff.

15   *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However,

16   "[t]hreadbare recitals of the elements of a cause of action,

17   supported by mere conclusory statements, do not suffice." *Ashcroft*

18   *v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)

19   citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

20   Plaintiff is required to present factual allegations sufficient to

21   state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

22          The Court in *Twombly* explained that a complaint is read in

23   conjunction with Federal Rule of Civil Procedure 8(a)(2) which

24   requires a "showing" that the plaintiff is entitled to relief,

25   "rather than a blanket assertion" of entitlement to relief. *Id.* at

26   556 n.3. While Rule 8 does not require "detailed factual

27   allegations," it nevertheless "demands more than an unadorned, the

28   defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

4

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**III.  To The Extent Plaintiff Sues PSH, Octavio Luna, and George Christison In Their Official Capacity, He Has Failed To State A Claim Upon Which Relief May Be Granted**

As noted, Plaintiff sues each of the above named defendants in their official capacity. Plaintiff is seeking monetary damages. (SAC at 6.) The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Despite the absence of a textual reference to suits by individuals against their own states in federal court, the Supreme Court has long interpreted the Eleventh Amendment to bar such actions. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Absent a waiver of Eleventh Amendment immunity, a state may not be sued in federal

court. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *see also Quillin v. Oregon*, 127 F.3d 1135, 1138 (9th Cir. 1997)(per curiam). This immunity extends to suits against state officers acting in their official capacities, because such suits target not the official, but rather the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

Patton State Hospital is a facility run by the California Department of Mental Health, and is therefore an agency of the State. Luna and Christison are state employees. There is no indication that California or its officers have waived immunity, nor has Congress waived the state's immunity pursuant to its remedial enforcement powers under the Fourteenth Amendment. Accordingly, to the extent Plaintiff has asserted claims against the State or the individual Defendants in their official capacities, he has failed to state a claim upon which relief may be granted. *Montana v. Goldin*, 394 F.3d 1189, 1195 (9th Cir. 2005) (unless they specifically waive their immunity, states and state agencies are immune under the Eleventh Amendment from private actions for damages or injunctive relief in federal court).

**IV.  Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Defendants Riverside County, Luna, and Christison, or the Other Defendants in their Official Capacities**

**A. Supervisory Liability**

Plaintiff alleges that Riverside County, Octavio Luna, and George Christison are individually liable for alleged constitutional

1  violations by the other defendants or individuals.

2      To the extent that Plaintiff is alleging that Luna and
3  Christison are liable due to their supervisory roles over the other
4  defendants, he has failed to state a claim upon which relief may be
5  granted. Supervisory officials are generally not responsible for the
6  conduct of their subordinates on a theory of vicarious liability in
7  civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Dep't*
8  *of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267
9  F.3d 895, 915 (9th Cir. 2001). A supervisory official may be liable
10 under section 1983 only if he was personally involved in the
11 constitutional deprivation, or if there was a sufficient causal
12 connection between the supervisor's wrongful conduct and the
13 constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County*
14 *of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v.*
15 *Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

16     Here, Plaintiff has failed to allege any personal involvement
17 by Luna or Christison in the acts giving rise to the alleged
18 constitutional violation. Instead, Plaintiff makes broad allegations
19 of responsibility based upon the status of each of those defendants
20 as "responsible" for the daily operations of the state hospital.
21 However, there can only be liability under section 1983 if there is
22 an affirmative link or connection between the defendant's actions and
23 the claimed injury. *Rizzo v. Goode*, 423 U.S. 362. 372-73 (1976).
24 Therefore, because there is no allegation of a causal connection
25 between the conduct of Defendants Luna and Christison and the alleged
26 constitutional violations, there is no basis upon which any of them
27 can be found liable under section 1983. Accordingly, Luna and
28 Christison shall be dismissed as defendants.

7

**B. Municipal Liability**

Where the defendant is a municipality, a plaintiff must do more than allege the illicit conduct by the municipality's agents to state a cause of action under section 1983. A governmental entity cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978). To establish municipal liability under § 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Id.; Delia v. City of Rialto*, 621 F.3d 1069, 1081 (9th Cir. 2010). Only when the execution of the government's policy or custom inflicts the constitutional injury may a governmental entity be held liable under section 1983. *Monell,* 436 U.S. at 694. Additionally, the plaintiff must establish that the governmental entity, through its deliberate conduct, was the moving force behind the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

Here, Plaintiff has failed to identify any policy, practice or custom of defendant Riverside County which caused the alleged constitutional deprivations. He names the County as a defendant based solely as the employer of the other named defendants. Accordingly, Plaintiff's claims against defendant County of Riverside must also be dismissed.

Plaintiff also seeks damages from each of the defendant sheriff's deputies in their official capacity. An official capacity suit against a municipal officer is the equivalent to suit against

the employing public entity. *Center for Bio-Ethical Reform, Inc.,* 533 F.3d 780, 799 (9th Cir. 2008), citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To the extent that Plaintiff is alleging that the defendants are liable in their official capacities, he is again bringing an action against Riverside County.

## IV. <u>Conclusion</u>

For the reasons stated above, service will be ordered on defendants Guilford, Lt. Valteria, Captain Knudson, Sgt. Hardin, Sgt. Madearos, Sgt. Larson and Deputy Dallas in their individual capacities only.

The complaint shall be dismissed with respect to Defendants Luna, Christison, Riverside County and PHS and as to the deputies in their official capacities only. Leave to amend need not be given as Plaintiff can state no facts against these four defendants which may give rise to a viable cause of action.

Dated: June 18, 2012

_____
Marc L. Goldman
United States Magistrate Judge

9